# Farmer *v.* Sellers.

### *Bill in Equity to enforce Specific Performance of Contract.*

1. *Bill for specific performance of contract; necessary averments.* In a bill to enforce the specific performance of a contract, where it is alleged that one stipulation of the contract sought to be enforced was that the defendant should convey certain lands to the complainant or to another named person "as they might elect," and the bill nowhere nor in any way avers that these parties have elected that the land should be conveyed to the complainant as prayed for in the bill, rather than to the other named person who was not a party to the bill, such bill can not be maintained; the election provided for in said contract being a condition precedent to the conveyance by the defendant himself.

2. *Same; same.*—In such a case, the fact that the bill is filed by the other named party as attorney for the complainant, does not constitute an estoppel of said other party in such sort as to make it necessary to aver and prove the election provided for in the contract.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the appellee, Calton E. Sellers, against the appellant, Byrd G. Farmer. The bill as amended averred that the defendant obtained a judgment in the circuit court of Henry county against the complainant; that execution was issued upon said judgment and levied upon certain specifically described lands as the property of the complainant; that the lands so levied upon were sold by the sheriff, and the defendant Farmer became the purchaser thereof at and for an amount less than the amount of said judgment; that to satisfy said judgment in full the complainant induced W. C. Oates to lend him a sufficient amount and agreed to secure him by executing to him a mortgage upon all of his lands; that on or about October 16, 1897, said

Oates made a proposition in writing to said Farmer to pay him a certain stipulated amount if he would agree to satisfy his said judgment against the complainant and reconvey to the complainant the lands which he had purchased at the execution sale; that said proposition of settlement was accepted and agreed to by Farmer in writing, and it was averred that it was further agreed in writing "that Farmer should convey said lands to orator or to said Oates as they might elect." It was then averred that on December 15, 1897, on a day agreed for such settlement, said Oates tendered to the defendant the sum agreed upon, and Farmer executed a deed to a part of the lands, but substituted others in place of those he had agreed to convey, which deed the complainant and Oates refused to accept, but demanded a deed in accordance with the contract, but that Farmer failed and refused to execute such deed. It was further averred that ever since said last named deed the complainant has been able, ready and willing to pay the sum agreed upon and offers to pay said sum and submits himself to the jurisdiction of the court. Among other things prayed for in the bill, the complainant prayed that said defendant Farmer be decreed to specifically perform said contract.

In the proposition made by Oates to Farmer and which was attached as an exhibit to the bill and which was averred to have been agreed to by the defendant Farmer, there was the following direction to said Farmer: "You satisfy your judgment, dismiss your ejectment suit, convey him [Sellers] your sheriff's deed * * * satisfy and return to Calt [Sellers] your mortgage," etc.

To the bill as amended the respondent demurred upon the following, among other grounds: 1. Because said bill as amended does not show that respondent made any agreement to sell or convey any lands. 2. Because said bill shows by its exhibit "B" that respondent did not agree to convey any land to complainant but to transfer a sheriff's deed to complainant. 3. Said bill as amended does not aver that any demand was made upon respondent for him to deed said lands to Oates or complainant.

8c

4. Said bill as amended does not aver that complainant and said Oates have elected to which of them a deed should be made by respondent and that a demand had been made for the execution of a deed to such one of them as they so elected. 5. That under the allegations of the bill as amended respondent was not bound to make a deed of conveyance to said lands until complainant and said Oates had elected to which of them such deed should be made, and the bill nowhere shows by its averments that either complainant or Oates was elected by them as the person to whom respondent should convey the lands.

On the submission of the cause on these demurrers, the chancellor rendered a decree overruling them. From this decree the defendant appeals, and assigns the rendition thereof as error.

ESPY, FARMER & ESPY, for appellant, cited 3 Pomeroy's Equity, 1405; *Singleton v. Thomas,* 73 Ala. 205; *Cowan v. Sapp,* 74 Ala. 44; *Crass v. Scruggs,* 115 Ala. 258; *Young v. Jones,* 18 Amer. Rep. 279; 1 Amer. & Eng. Encyc. of Law (2d ed.), 420-422; *Macon v. Crowder,* 72 Ala. 79; *Irwin v. Bailey,* 72 Ala. 467.

WM. C. OATES, *contra,* cited *Farmer v. Sellers,* 127 Ala. 215.

McCLELLAN, C. J.—Bill by Sellers for specific performance of contract by Farmer. It is alleged that one stipulation of the contract sought to be enforced—the main one indeed—was that Farmer should convey certain lands to Sellers, the complainant, or to William C. Oates "as they might elect." The bill nowhere nor in any way avers that these parties have elected that the lands should be conveyed to Sellers, the complainant, as is prayed in the bill rather than to Oates, who is not a party to the cause. It is plain that neither of these parties was entitled to demand a conveyance by Farmer until this election had been made. He was not under contract to convey to both of them or to either of them demanding a conveyance, but his contract was to convey to that one of them who should be appointed by the two

to receive the conveyance. Until such appointment was made, until they had elected between themselves which should take under the contract Farmer was under no duty to convey to either, and his conveyance to either would not have discharged his contract as to the other. It is said in the brief, which is filed by William C. Oates, counsel for appellee Sellers, that "the bill itself by Sellers with Oates' name written therein and thereon as a part thereof by his own hand as the solicitor of Sellers as complainant is a pretty severe, yea, conclusive estoppel of Oates against any further action by him against appellant for damages for not conveying the land to him instead of Sellers." · This suggestion does not meet the objection that the bill fails to aver the election stipulated for. Farmer is entitled to have this election made, averred and proved, before he can be called upon at all. Such is his contract. He did not agree to convey to Sellers upon the existence of facts which would raise an estoppel *in pais* against Oates to question his right to convey to Sellers; but his agreement was to convey to Sellers in the event and only in the event Oates and Sellers should elect and appoint the latter to receive the conveyance. He stipulated for an election, not an estoppel; and an election there must be before he can be coerced to convey to either. Moreover, if an estoppel would suffice, it is not averred in the bill; and if, being averred, it could be rested on the fact that Oates, the party to the contract, prosecutes the cause as Sellers' solicitor, the fact that a solicitor of the same name as the Oates of the contract signs and exhibits the bill, would not establish such estoppel in point of fact. Neither the chancery court nor this court can know or say that the William C. Oates of the contract and William C. Oates solicitor signing the bill are identical, however well we may as individuals know that fact. So we conclude that the bill shows no estoppel against Oates, and that an estoppel would not aid complainant if it were alleged. The demurrer to the bill as amended should have been sustained because of the absence of averment of the election stipulated for.

We find no merit in the other assignments of demurrer. It is quite an error to say that the bill shows inadequacy

of consideration for Farmer's undertaking, as it also·is to say that the· contract is· for the transfer of a·sheriff's deed only and not for a conveyance of land.

The decree overruling the demurrer to the bill as amended will be reversed. A decree will be here rendered sustaining the ·demurrer, and allowing complainant thirty days within which to amend the ·bill. ·

Reversed and rendered.